The opinion of the Court was delivered by
Wakdlaw, J.
The 23d section of the Act of 1845, (11 Stat. 320,) gives to the Town Council of Mount Pleasant full authority in making assessments and levying taxes. Under this authority, the Town Council may ordain, in respect to the persons liable to the jurisdiction, as effectually as the Legislature may enact in respect to all the citizens of the State, what rate in proportion to value shall be imposed upon land or other property, what articles shall be specifically taxed, and how much the taxes upon specified articles shall be. The section further provides, that the Town Council may enforce the payment of taxes and assessments ordained by it, to the same extent and in the same manner as is provided by law for the collection and payment of the General State Tax.
A reference to the Act of 1788, (5 Stat. 50,) and to the other Acts of the Legislature concerning the collection of taxes, will show the general scheme for the collection of State taxes to be this : to wit. : persons liable to taxes are required to make returns on oath ; the assessor, (who, in general, is the same as the tax collector, but in St. Philip’s and St. Michael’s is a different person,) fixes the value of property assessed where an assessment or ad valorem tax is imposed, and the amount of each person’s liability is ascertained ; on or before a prescribed day payment is to be, made to .the tax collector by each person liable to pay; at the time when he is required to pay, any person who may have reason to believe that he has been over *220 rated, is allowed to swear off the excess; if payment of the whole, or of the balance after excess sworn off, should not be made, process of execution is issued and enforced by the sheriff: if no return should have been made, the execution is for double the amount, which the collector may judge the defaulter ought to be rated at.
Proceeding in conformity with the State Law, the Town Council, for the collection of its taxes and assessments, has appointed assessors to assess according to a scale that will bear equally on all; it has appointed a treasurer to receive returns and payments; it has required returns to be made to the treasurer, and payments to be made to him, by a prescribed day, and it has directed executions against defaulters, which shall be for double taxes when returns have been neglected. But it has refused to allow the relator, who says he has been overrated, to swear off the excess, although he offered to do so on or before the day appointed for payment.
If five-eighths of one per cent, upon the value of the relator’s house and lot was to be collected under an Act, laying a general State Tax, no tax collector could, by any process, collect an excess over the rate according to that value which the relator would, in proper time, swear to ; and no power is given to the Town Council to enforce its ordinance for an assessment to a greater extent than a State Act to raise supplies could be enforced.
It has been argued for the Town Council, that the latter clause of the section above mentioned, refers merely to the collection of taxes not paid without process of execution, and was intended to confer power, not to restrain it; to authorize the employment of well known process, and of State Officers, not to impair the right of the Town Council to make such ordinances as might appear to it expedient, concerning its taxes and assessments. But the extent to which process may be enforced, is of course the measure of the extent to which payment without process will be made; and the effect of an *221 enactment which establishes identity of extent and manner between the enforcement of town taxes and the enforcement of State taxes, is, whilst it giveá authority conformable to the provisions of the State Law, to deny authority beyond and contrary to those provisions. Could a Town Ordinance subject a defaulter for neglect to make his return to more than double taxes ? The Town Council seems to understand that it could not. And as the State Law imposes a restraint upon the discretion of the State assessor, so a like restraint must be imposed upon that of the Town assessors. The policy of exacting oaths on such subjects has been much questioned, but the Legislature has required them and given them effect here, and the council cannot deny their sufficiency.
The motion is granted and the prohibition is ordered according to the prayer of the relator’s suggestion.
ONeall, Whitker and Glover, JJ., concurred.
Muhro, J., dissented.

Motion granted.